JANUARY TERM, 1881, No. 245.          MARCH 6TH, 1882.

## Zimmerman *versus* Eckert *et al.*

1. A purchaser of real estate at a sheriff's sale made a bid of $5500, subject to liens amounting to about $12,000. The conditions of the sale were that $200 were to be paid in cash, and the remainder on or before the first day of the next term; and, on failure, the purchaser "must pay any sum that the property may be sold for less at any other sale," and costs. The purchaser refused to pay the purchase-money. No demand was made upon him, and no notice was given him of a resale. Subsequently the defendant in the execution having died, the property was sold under an order of the Orphans' Court, clear of liens, upon the conditions that ten per cent. should be paid in cash, and the balance about three and a half months later. This sale produced $11,510. *Held,* in an action by the sheriff against the purchaser at the sheriff's sale for the difference, that the plaintiff was properly nonsuited.

2. The second sale was made upon different and less favorable terms to bidders.

3. It was not error to withdraw from the jury the question as to whether the terms of the second sale were more onerous and burdensome.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lehigh County*.

Case by Edwin Zimmerman against William H. Eckert, Walter J. Green, Charles Lichtenwallner, Edwin Kress, and Catharine Ludwig, to recover the difference between a bid alleged to have been made by the defendants for certain real estate at a sheriff's sale, and the amount for which the property was afterward sold.

Upon the trial in the Court below, before ALBRIGHT, P. J., the following facts appeared:

Under a *renditioni exponas*, upon a judgment against William Grim, issued to June Term, 1875, the real estate of Grim was offered for sale, June 4th, 1875. To this writ the sheriff made return:

"Exposed the premises within described to public sale or outcry on         , 1875, and sold the same to S. A. Butz for $       , who failed to comply with the conditions of sale, and refused to pay the purchase-money, and therefore the same premises remain in my hands unsold for want of buyers, and I cannot have the money to render as commanded."

A rule was subsequently granted to show cause why the return should not be amended so as to read:

"Exposed the premises within described to public sale or outcry on June 4th, 1875, and sold the same to William H. Eckert, Walter J. Grim, Charles Lichtenwallner, Edwin Kress, and Catharine Ludwig for $5500, they being the

highest and best bidders, and that the highest and best price bidden for the same, who failed to comply with the conditions of sale, and refused to pay the purchase-money, and therefore the same remain in my hands unsold for want of buyers, and I cannot have the money to render as within commanded."

This rule was pending at the time of the trial, but was treated by the Court as if it had been made absolute.

The sale was made subject to mortgages amounting to about $12,000.

Among the conditions of the sale were the following:

"Second. The purchaser shall pay, as soon as the property is struck off, the sum of two hundred dollars on account of purchase-money, and sign an agreement for the payment of the remainder on or before the first day of the next term of Court.

"Third. Upon failure of complying with these conditions the purchaser must pay any sum that the property may be sold for less at any other sale, as well as all costs and damages arising out of such non-compliance, and other sale or sales."

Nothing was paid upon the bid, no demand was made upon the purchasers, and no notice was given them of a proposed resale. An *alias* writ was issued to November Term, 1875; but on the day fixed for the sale, Grim, the defendant in the execution, died, and the property was withdrawn. Upon petition of the administrators of Grim the Orphans' Court, December 22d, 1875, ordered a sale of the property upon the conditions that the purchaser should pay ten per cent. in cash, and the balance upon the first of April following. The property was sold under this order for $11,510, and the sale was confirmed. Under this sale, the lien of the mortgage was discharged, and consequently there was a difference of about $6000 between the amount realized and the bid of the defendants, to recover which difference the sheriff brought this suit.

Upon this evidence the Court entered a judgment of nonsuit, and subsequently refused to set the judgment aside, saying, *inter alia*:

"I am still of the opinion that, because the resale was upon different and more onerous conditions, the defendants cannot be held for the difference. To agree to pay at once $200, and pay $5000 on the first day of the succeeding term, while the bulk of the price remains a lien on the land created by a former owner, is one thing, while to become bound to pay down a sum exceeding $1000, and to pay exceeding $10,000 in a few months, is quite a different thing. That

the latter is more onerous seems to me to be apparent from a mere statement of the case.

" Where there has been a change of the terms, and the conditions of the second sale are more onerous, the bidder at the first cannot be held for the difference: Paul v. Shallcross, 2 R., 326; Banes v. Gordon, 9 Barr, 426; Freeman v. Husband, 27 P. F. Smith, 389. The plaintiff asserts that this case falls within the ruling of Singerly v. Swain, 9 Casey, 102; that a change of terms made by the Court does not discharge the liability for the difference of the purchase at the first sale. That, however, was the case of an Orphans' Court sale. The property had been twice sold, under the conditions requiring that $50 should be paid down; at each sale Singerly had become the purchaser and failed to comply. He claimed to be a lien creditor, and claimed to retain the amount of his lien out of the purchase-money. Thereupon the Court directed that $1000 should be paid at the time of the third sale. Such change of terms by the Court, it was held, did not discharge Singerly from liability for the loss on a resale. But here it cannot be said that the terms fixed by the Orphans' Court had any reference to the default made by the defendants at the sheriff's sale.

" If the creditors of Grim, or the administrators, had requested the Orphans' Court to prescribe conditions which would not have operated to release the defendants, no doubt their request would have been granted.

" Entertaining these views, it is not necessary to pass upon the other matters which it is alleged stand in the way of a recovery. It seems to me, however, that the clause in the conditions that, ' upon failure of complying with these conditions, the purchaser must pay any sum that the property may be sold for less at any other sale, as well as all costs and damages arising out of such non-compliance and other sale or sales,' must be construed to mean another sale made by the sheriff. I am also inclined to the opinion that a demand for performance of the contract, or some notice of an intention to hold the purchaser responsible, is necessary before proceeding to a resale. In Zantzinger v. Pole, 1 D., 419, the chief justice said that if the highest bidder was unable to pay, the sheriff might make an offer to the next highest, and that if the property was not paid for after a sale, the return should be that ' the premises were knocked down to A. B., for so much, and that said A. B. has not paid the purchase-money, and that therefore the premises remain unsold.' From this Justice Huston said, in Holdship v. Doran, 2 P. & W., 16, he inferred that the Court meant a demand of the bidder must be made; how otherwise could

[*Zimmerman v.* Eckert *et al.*]

it be ascertained that he was unable to pay? In Gaskell
*v.* Morris, 7 W. & S., 38, Justice Kennedy intimated a doubt
whether notice was necessary; but then a judgment against
a purchaser for a loss on resale was sustained, although he
had not notice of the time and place of the second sale, be-
cause it was shown that he had been notified by the sheriff
to pay the purchase-money, otherwise the property would
be resold at his risk: see also opinion of Judge Thayer in
Girard Life Ins. Co. *v.* Young, 8 Phila., 16."

The plaintiff then took out a writ of error, assigning as
error the refusal of the Court to set aside the judgment.

*John Rupp* and *Edward Harvey*, for plaintiff in error.

It is not necessary that there should be an actual demand
made on the purchaser by the sheriff for the purchase-money
before the purchaser can be held for the difference. The
general rule is, that notice or demand is not necessary unless
the party has stipulated for it: Vyse *v.* Wakefield, 6 M. &
W., 442, affirmed in 7 M. & W., 126; Gaskell *v.* Morris, 7
W. & S., 32.

The fact that the second sale was made by an adminis-
trator instead of the sheriff, does not prejudice the right
of creditors. The death of Grim ought not to prejudice
them. The second sale may be any judicial sale. It is only
where the terms and conditions of the second sale are more
onerous and burdensome than at the first sale, and are of
such a character as to depress the price of the property, that
the purchasers at the first sale are discharged from liability:
Paul *v.* Shallcross, 2 Rawle, 326; Banes *et al. v.* Gordon, 9
Barr, 426; Freeman *v.* Husband, 27 P. F. Smith, 389.

The question whether the conditions at the second sale
were more onerous was one of fact for the jury. Though
the first sale was subject to the mortgages, they were over-
due and could have been collected at any time. In the
second sale, the balance of cash did not have to be paid so
soon. The Court should have submitted it to the jury.

But the terms and conditions of the second sale were pre-
scribed by the Orphans' Court, and the plaintiff had nothing
to do therewith. That Court has power, and it is its duty
to prescribe the conditions of sale held by its officers, and
that Court has the power to alter the terms of such sales,
and such alteration will not discharge the liability of a de-
faulting bidder at a former sale: Singerly *v.* Swain's Ad-
ministrators, 9 Casey, 102.

*Stiles & Son, Butz & Schwartz, Thomas B. Metzger*, and
*James S. Biery*, for defendants in error.

[Zimmerman v. Eckert *et al.*]

The plaintiff was obliged to make demand of the purchaser to comply with his bid in order to hold him: Girard Life Ins. Co. *v.* Young, 8 Phila., 16; Leeds *v.* Seery, 2 W. N. C., 223; Hutchinson *v.* Allen, 1 W. N. C., 123; Zantzinger *v.* Pole, 1 Dol., 419; Holdship *v.* Doran, 2 P. & W., 16.

In a proper and plain case the Court will refuse to submit the question to the jury, and will nonsuit the plaintiff: Lelar *v.* Holmes, 6 Harris, 281.

"The objection is not to the measure of damages, but to the action itself," say the Court in Banes *et al. v.* Gordon, *supra.*

The conditions, both at the sheriff's sale as well as those fixed by the order of the Orphans' Court, being in writing, and the amounts bid at the sheriff's sale and Orphans' Court sale, respectively, being undisputed, there was nothing for the jury to pass upon. The conditions, therefore, and the undisputed bids at the two sales, according to the doctrine laid down in Freeman *v.* Husband, 27 P. F. Smith, 389, were equivalent to a written contract, without ambiguity, and written contracts of that character are always construed by the Court, and not by the jury: White *v.* Smith *et al.*, 9 Casey, 186; Nelson *v.* Von Bonnhorst, 5 Casey, 352; Sergeant *v.* Ingersoll, 7 Barr, 347; Kline *v.* Gundrum, 1 Jones, 250–1; Lennig *v.* Ralston, 11 Harris, 137; Williams *v.* Bently *et al.*, 3 Casey, 294; Shreve *et al. v.* Brereton *et al.*, 1 P. F. Smith, 175; Mathias *v.* Superior Iron Co., 20 P. F. Smith, 163.

MARCH 20TH, 1882.—PER CURIAM: We may, perhaps, consider the return of the sheriff as having been amended according to his petition. Without such amendment the plaintiff would not have had a shadow of claim. Assuming that, we think it very clear that the second sale was made on different and less favorable terms to bidders, and the learned judge was therefore entirely right in entering the nonsuit.

Judgment affirmed.